UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRAHAM MEDICAL
TECHNOLOGIES, LLC,

    Plaintiff,

v.

VILEX IN TENNESSEE, INC., and
ABRAHAM LAVI,

    Defendant.
_____/

Case No. 15-13372

Hon. John Corbett O'Meara

## OPINION AND ORDER

    Defendants Vilex in Tennessee, Inc., and Abraham Lavi have filed motions to dismiss based upon lack of jurisdiction and improper venue. In response, Plaintiff Graham Medical Technologies, LLC, filed a motion for limited discovery regarding the venue and jurisdictional issues raised in Defendants' motions.

    Acknowledging that a recent Federal Circuit decision is fatal to its arguments regarding jurisdiction and venue, Vilex has partially withdrawn its motion to dismiss with respect to those issues. See In re TC Heartland, LLC, __ F.3d __, 2016 WL 17090433 (Fed. Cir. Apr. 29, 2016). Vilex's remaining argument, which is unaffected by Plaintiff's request for discovery, is that Plaintiff

cannot state a cause of action under the Michigan Consumer Protection Act. Also remaining is Lavi's motion to dismiss for lack of personal jurisdiction.

## BACKGROUND FACTS

Plaintiff's complaint alleges patent infringement and violations of the Lanham Act and the MCPA. Plaintiff owns a patent for a medical implant and method to treat subtalar joint hyperpronation, also known as "flat feet." Plaintiff contends that Vilex, a Tennessee corporation, is infringing on its patent by manufacturing and distributing its own implant and training physicians to surgically insert the device. Plaintiff alleges that Vilex distributes its infringing implant in Michigan.

Plaintiff alleges that Abraham Lavi is the founder of Vilex who "continues to work at Vilex and directs the activities of his corporation." Compl. at ¶ 4. Plaintiff further contends that "[o]n information and belief, Dr. Lavi develops products for Vilex, trains surgeons in the use of these products and generally exerts control over Vilex, his alter ego." Id. at ¶ 5. Plaintiff also notes that Lavi represented Vilex at a recent settlement meeting, with full authority to bind the company. Pl.'s Br. at 4.

Lavi responds that he is a resident of Florida and that he has never been an owner or employee of Vilex in Tennessee. Lavi Aff. at ¶ 1. Lavi was the owner of

Vilex of Pennsylvania, which sold its assets to Vilex in Tennessee in 2009.  Id. at ¶ 2.  Lavi was Secretary/Treasurer and a director of Vilex in Tennessee; currently he is the Chairman of the Board.  Id. at ¶ 3.  Lavi states that Vilex in Tennessee "continues to owe money for the asset purchase from my company (Vilex of Pennsylvania, Inc.) and so I have an interest in the continued success of Vilex in Tennessee as a creditor of the company."  Id. at ¶ 5.  Lavi denies, however, that he ever directed the day-to-day activities of Vilex in Tennessee.  Id. at ¶ 3.  Lavi further states that he has no contacts with the State of Michigan, such as property ownership or business activity.  Id. at ¶¶ 6-7.

## LAW AND ANALYSIS

### I.  Personal Jurisdiction over Lavi

Lavi contends that Plaintiff's complaint against him should be dismissed for lack of personal jurisdiction.  In response, Plaintiff argues that this court has jurisdiction over Lavi because the corporate defendant, Vilex in Tennessee, is his alter ego.  Plaintiff provides no factual basis for this contention, but argues that the court should permit limited discovery so that it may support its argument and "test the facts" presented by Lavi.  Pl's Br. at 10.

Plaintiff bears the burden of demonstrating that this court has personal jurisdiction over Lavi.  Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir.

1991) "Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." Id. The court "may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Serras v. First Tennessee Bank Nat. Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989). If the court decides the motion on the papers, it must consider the pleadings and affidavits in the light most favorable to the plaintiff. Id. Under those circumstances, the plaintiff must only make a prima facie showing that jurisdiction exists. Id.

Here, Plaintiff has not made a prima facie showing that personal jurisdiction exists over Lavi. Plaintiff alleges no contacts with Michigan whatsoever, let alone contacts that would support a finding of general or limited jurisdiction. See, e.g., M.C.L. 600.701 (general jurisdiction); M.C.L. 600.705 (limited jurisdiction); LAK, Inc. v. Deer Creek Enter., 885 F.2d 1293, 1299 (6th Cir. 1989) (quoting Southern Machine Co. v. Mohasco Indus. Inc., 401 F.2d 374, 381 (6th Cir. 1968)) ("[T]he acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.").

Further, Plaintiff has presented no facts supporting its allegation that Lavi is the alter ego of Vilex in Tennessee. See generally Florence Cement Co. v. Vettraino, 292 Mich. App. 461 (2011) (to pierce the corporate veil, the plaintiff must show that the corporate entity is "a mere instrumentality of another individual or entity"). Plaintiff's conclusory allegations that Lavi "directs the activities" and "generally exerts control" over Vilex do not come close to showing an alter ego relationship. Moreover, such allegations of corporate control are insufficient for the court to exercise jurisdiction over a corporate officer or agent. SFS Check, LLC v. First Bank of Delaware, 990 F. Supp. 2d 762, 771 (E.D. Mich. 2013), aff'd, 774 F.3d 351 (6th Cir. 2014) ("[T]he fact that an agent of a company has an ownership interest or otherwise exercises control over the company is not a sufficient basis on which to assert limited personal jurisdiction over that individual in another state in which the company does business.").

Plaintiff's contention that discovery may reveal a basis for jurisdiction is mere speculation and falls short of the showing required. See Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir. 1981) (finding it was "well within the trial court's discretion" to deny the plaintiff's request for jurisdictional discovery when it "failed to offer any factual basis for its allegations"); Pravettone v. Cargotec Oyj, 2013 WL 3936467 at *5 (E.D. Mich. July 30, 2013) ("Plaintiffs

have not put forward any jurisdictional facts, but rather simply speculate that discovery could establish personal jurisdiction."). Accordingly, the court will deny Plaintiff's motion for discovery and grant Lavi's motion to dismiss.

## II.     Vilex in Tennessee's Motion to Dismiss

Vilex in Tennessee argues that Plaintiff cannot state a claim against it under the Michigan Consumer Protection Act. The MCPA does not apply to "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." M.C.L. 445.904(1)(a). The sale of medical devices, such as the Vilex implant at issue here, is regulated by the Food and Drug Administration. Accordingly, it is the type of activity that is exempt from the MCPA. See Peter v. Stryker Orthopedics, Inc., 581 F. Supp.2d 813, 815-16 (E.D. Mich. 2008) (finding MCPA does not apply to sale of prosthetic knee). The court will grant Vilex's motion to dismiss Plaintiff's MCPA claim.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion for limited discovery is DENIED.

IT IS FURTHER ORDERED that Defendant Vilex's motion to dismiss is GRANTED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Defendant Lavi's motion to dismiss for lack of personal jurisdiction is GRANTED.

                                               s/John Corbett O'Meara
                                               United States District Judge

Date:  June 1, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 1, 2016, using the ECF system.

                                               s/William Barkholz
                                               Case Manager